# EXHIBIT A

# KIM A. BODNAR

Attorney at Law	Admitted in PA and Florida

December 30, 2022

JAN 0 3 2023

01/04/23

Commonwealth Financial Systems, Inc.
245 Main Street
Dickson City, PA 18519

RE: Dixon v. 1st National Collection Bureau, Inc., et al.
   No. AR-22-4281 Court of Common Pleas of Allegheny County, Pennsylvania

Dear Sir/Madam:

Suit has been initiated against you. Enclosed please find a copy of the Complaint. I request that you sign and return to me the enclosed Acceptance of Service. By doing so you should reduce time, costs and inconvenience for all parties.

I will mark my file for 10 days to receive your response. Thank you in advance for your kind cooperation in this matter.

Very truly yours,

Kim A. Bodnar, Esquire

enclosures

304 Ross Street, Suite 701, Pittsburgh, PA 15219 Telephone: (412) 804-4048  Fax (412) 765-3458  atty@kabodnar.com

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| GLADYS M. DIXON, | CIVIL DIVISION/ARBITRATION |
| Plaintiff, | |
| v. | No. AR-22-4281 |
| FIRST NATIONAL COLLECTION BUREAU, INC., GALAXY INTERNATIONAL PURCHASING LLC, CITIBANK, COMMONWEALTH FINANCIAL SYSTEMS, INC. and UNIFUND CCR PARTNERS, | |
| Defendants. | |

## ACCEPTANCE OF SERVICE

I accept service of the Complaint in Civil Action filed in the above captioned action.

Date: _____                    _____
                                          Defendant's Signature

9 December 2022
14:25:48
AR-22-004291

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| GLADYS M. DIXON,<br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL COLLECTION BUREAU, Inc., GALAXY INTERNATIONAL PURCHASING LLC, CITIBANK, COMMONWEALTH FINANCIAL SYSTEMS, INC. and UNIFUND CCR PARTNERS,<br>Defendants. | CIVIL DIVISION / ARBITRATION<br><br>No.: AR-22- 4281<br><br>**COMPLAINT IN CIVIL ACTION** |

HEARING DATE 06 FEB 2023
COURT ROOM 2, 7TH. FLOOR
CITY-COUNTY BUILDING
9:00 A.M.

Filed on Behalf of Plaintiff:
GLADYS DIXON

Counsel of Record for this Party:
KIM A. BODNAR, ESQUIRE
Pa. ID # 67369

304 Ross Street, Suite 701
Pittsburgh, PA 15219
Telephone: 412-804-4048
Fax:         412-765-3458
Email: atty@kabodnar.com

**CERTIFICATE OF COMPLIANCE**
I certify that this filing complies with
the provisions of the *Public Access Policy
of the Unified Judicial System of Pennsylvania:
Case Records of Appellate and Trial Courts*
that require filing confidential information and
documents differently than non-
confidential information and documents.

Submitted by Counsel for Plaintiff:

*/s/ Kim A. Bodnar*
Kim A. Bodnar, Esquire

ALLEGHENY COUNTY PA
CIVIL/FAMILY DIVISION
DEPT. OF COURT RECORDS

2022 DEC -9 PM 2:26

FILED

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

_____
_____
Plaintiff

    vs.

_____
Defendant

ARBITRATION DOCKET
No. _____-_____-_____

Hearing Date: _____06 FEB 2023_____

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE
The Allegheny County Bar Association
3rd Floor Koppers Building, 436 Seventh Avenue
Pittsburgh, Pennsylvania 15219
Telephone: 412-261-5555
www.acbalrs.org

## HEARING NOTICE

YOU HAVE BEEN SUED IN COURT. The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, _____ at 9:00 A.M. IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING.

### DUTY TO APPEAR AT ARBITRATION HEARING

If one or more of the parties is not present at the hearing, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE:    You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing.

        If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| GLADYS M. DIXON,<br>    Plaintiff,<br><br>v.<br><br>FIRST NATIONAL COLLECTION<br>BUREAU, Inc., GALAXY<br>INTERNATIONAL PURCHASING,<br>LLC, CITIBANK, COMMONWEALTH<br>FINANCIAL SYSTEMS, INC. and<br>UNIFUND CCR Partners,<br>    Defendants. | CIVIL DIVISION / ARBITRATION<br><br>No.: AR-22- |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Gladys M. Dixon, by and through her attorney, Kim A. Bodnar, Esquire, and files the following Complaint:

### PARTIES

1.  The Plaintiff, Gladys M. Dixon (hereinafter "Dixon"), is an adult, a senior resident of the Commonwealth of Pennsylvania, a consumer and who resides in Allegheny County, Pennsylvania.

2.  Defendant, First National Collection Bureau, Inc. (hereinafter "First National" is upon information and belief a foreign corporation engaged in the collection business within the Commonwealth of Pennsylvania with its principal office located at 50 West Liberty Street, Suite 250, Reno, NV. Defendant First National, which acts as a debt collector, as defined by §1692a of the FDCPA, because it regularly uses the mails and/or telephone

to collect, or attempt to collect, delinquent consumer debts in the Commonwealth of Pennsylvania and in the County of Allegheny. Upon information and belief, First National is a "Debt Collector" as defined in 15 U.S.C. §1692a(6). Upon information and belief, defendant, First National is regularly engaged in the business of collecting debts due another person or entity in the County of Allegheny.

3. The Defendant, Galaxy International Purchasing, LLC (hereinafter "Galaxy"), is upon information and belief a foreign corporation engaged in the collection business within the Commonwealth of Pennsylvania with its principal office located at 4730 South Fort Apache Road, Suite 300, Las Vegas, NV. Defendant Galaxy, which acts as a debt collector, as defined by §1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts in the Commonwealth of Pennsylvania and in the County of Allegheny. Upon information and belief, Galaxy is a "Debt Collector" as defined in 15 U.S.C. §1692a(6). Upon information and belief, defendant, Galaxy is regularly engaged in the business of collecting debts due another person or entity in the County of Allegheny.

4. The Defendant, Citibank (hereinafter "Citi"), is a corporation and a subsidiary of Citigroup which does business and maintains its USA Head Office at 100 Citibank Drive, P.O. Box 769004, San Antonio, TX 78245-9400.

Defendant Citi is a creditor as defined by §1692a of the FDCPA as it offers or extends credit creating a debt or to whom a debt is owed.

5. The Defendant, Commonwealth Financial Systems, Inc. (hereinafter "Commonwealth), is a Pennsylvania corporation which does business and maintains offices at 245 Main Street, Dickson City, Lackawanna County, PA. Defendant Commonwealth, which acts as a debt collector, as defined by §1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts in the Commonwealth of Pennsylvania and in the County of Allegheny. Upon information and belief, Commonwealth is a "Debt Collector" as defined in 15 U.S.C. §1692a(6). Upon information and belief, defendant, Commonwealth is regularly engaged in the business of collecting debts due another person or entity in the County of Allegheny.

6. The Defendant, Unifund CCR Partners (hereinafter "Unifund" is upon information and belief a foreign corporation engaged in the collection business within the Commonwealth of Pennsylvania with its principal office located at 10625 Techwoods Circle, Cincinnati, OH. Defendant Unifund which acts as a debt collector, as defined by §1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts in the Commonwealth of Pennsylvania and in the County of Allegheny. Upon information and belief, Unifund is a "Debt Collector" as defined in 15 U.S.C. §1692a(6). Upon information and belief,

defendant, Unifund is regularly engaged in the business of collecting debts due another person or entity in the County of Allegheny.

7. First National, Galaxy, Commonwealth and/or Unifund purchased a charged off debt from Citi making each entity, debt collectors under the act.

8. At all times relevant hereto, defendants, First National, Galaxy, Commonwealth and Unifund were acting as debt collectors as that term is defined in the FDCPA, 15 U.S.C. § 1692a (6).

9. First National, Galaxy, Commonwealth and/or Unifund purchased a judgment that had been dismissed with prejudice and therefore void and/or a nullity.

## FACTS

10. On June 13, 2005, Commonwealth as assignee of Unifund, assignee of Citi obtained a judgment against Dixon in the amount of $3,141.55 before Magistrate District Judge Kevin E. Cooper at No. CV-0000339-05.

11. On July 12, 2005, Dixon filed a timely Appeal from the Judgment of the MDJ and a Rule to File a Complaint at Number AR 05-4440.

12. On July 29, 2005, Commonwealth as assignee of Unifund, assignee of Citi filed a complaint in response to Dixon rule and/or appeal.

13. On August 29, 2005, Dixon filed Preliminary Objections to Commonwealth's Complaint.

14. On October 3, 2005, Dixon's Preliminary Objections were sustained and the action at AR-05-4440 was dismissed with prejudice. See Order attached hereto and made a part hereof and marked Exhibit 1.

15. Galaxy acquired the debt from Commonwealth or Unifund or Citi after Commonwealth and/or Unifund and/or Citi failed to update its records to indicate that Dixon's judgment and the underlying debt had been dismissed with prejudice.

16. On October 8, 2021, First National on behalf of the alleged current creditor Galaxy caused to be sent to Dixon a collection letter on a consumer debt for a Citibank consumer credit card account that was the basis for a judgment dismissed by this Court in 2005. A copy of the letter is attached hereto, made a part hereof and marked Exhibit "A".

17. On or about December 13, 2021, First National on behalf of the alleged current creditor Galaxy caused to be sent to Dixon a second collection letter. A copy of the letter is attached hereto, made a part hereof and marked Exhibit "B".

18. Consumers do not have a legally enforceable obligation to pay a judgment that has been dismissed by a court of competent jurisdiction.

19. The collection letters offer a payment plan to Ms. Dixon on a dismissed and void judgment.

20. A debt collector's solicitation of a partial payment on a void or dismissed judgment can "create a misleading impression as to the

consequences of making [a] payment," thereby violating the FDCPA, 15 U.S.C. § 1692e.

21. The effect of luring the Pennsylvania consumer into believing that failure to respond to the collection letter(s) will revive or make valid the void and dismissed judgment.

22. In the preface to the Fair Debt Collection Practices Act, Congress explained that "[t]here is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Those tactics contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act is directed to the goals of "eliminat[ing] abusive debt collection practices by debt collectors . . . [and] insur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

23. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

15 U.S. C. § 1692e and 1692e(10).

24. Claims under the FDCPA are evaluated under the "least sophisticated consumer" standard.

25. The standard ensures that the FDCPA protects all consumers, the gullible as well as the shrewd, and is consistent with the norms that courts have traditionally applied in consumer protection law. *Id.* The "least sophisticated

1. Any actual damages sustained by Dixon as a result of the Defendant's failure to comply with any provision of the FDCPA;

2. Additional damages as the court may allow, but not exceeding $1,000;

3. The costs of this action;

4. Reasonable attorney's fee as allowed by statute and as determined by the court.

WHEREFORE, Plaintiff requests that this Honorable Court entered damages against the named Defendants jointly and severally as follows:

a. Actual damages of not less than $100 or more than $1,000;

b. Attorneys' fees and costs;

c. Punitive damages as the court may allow.

Respectfully submitted,

_____
Kim A. Bodnar, Esquire

consumer" is an ignorant, unthinking, credulous person of below-average intelligence.

26. A "debt" is defined by the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

27. Plaintiff, Dixon, asserts that a debt, is an "obligation or alleged obligation" of a consumer, includes the situation in which a debt collector mistakenly continues to try to collect a debt that has been dismissed with prejudice. See *Fetters v. Paragon Way, Inc.* USDC MD of Pa (2010)

28. The representations set forth above that there is a valid judgment against Dixon that represents security for an underlying debt are false or misleading and constitute deceptive acts or practices in violation of Sections 807 and 807(10) of the FDCPA, 15 U.S.C. §§ 1692e(10) and 1692f.

29. The judgment against Dixon was dismissed with prejudice along with the underlying debt and as such the attempt to collect on the judgment and/or debt is a violation of Sections 807 and 808 of the FDCPA, 15 U.S.C. §§ 1692e and 1692f and 1692f(1).

WHEREFORE, Plaintiff requests that this Honorable Court enter damages against the named Defendants jointly and severally as follows:

## VERIFICATION

I, Kim A. Bodnar, am the attorney for Plaintiff, GLADYS DIXON, and am authorized to sign this Verification on Plaintiff's behalf. I am making this Verification because the statements in this **COMPLAINT** are uniquely known to me based upon personal knowledge, information, and belief.

I verify that the facts set forth in this **COMPLAINT** are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Date: 12-8-2022

Kim A. Bodnar, Esquire
Attorney for Plaintiff